666 So.2d 273 (1996)
Gary L. FISHMAN and Linda R. Fishman, Appellants,
v.
Bert BOLDT, an individual, Arthur V. Strock, an Individual, Joseph Jacobs and Ellen Jacobs, Jointly and severally, John Taylor Walsh, d/b/a J.T. Inspections, Inc., a Florida corp.; and Delray Marine Construction Co., a Florida Corp., Appellees.
No. 94-2820.
District Court of Appeal of Florida, Fourth District.
January 17, 1996.
*274 William A. Fragetta of Sachs & Sax, P.A., Boca Raton, for Appellants.
John H. Richards of Cooney, Haliczer, Mattson, Lance, Blackburn, Pettis & Richards, P.A., Fort Lauderdale, for Appellee-Bert Boldt.
PER CURIAM.
This case presents yet another application of the economic loss rule. The appellants purchased a home on a canal. The home included a pool and a seawall along the canal. Sometime after the purchase the seawall failed, causing damage to the pool, patio, and home. The appellants sued the appellee, Bert Boldt, as the original builder of the seawall, for negligent construction. The trial court entered summary judgment for Boldt based on Casa Clara Condominium Ass'n v. Charley Toppino & Sons, Inc., 620 So.2d 1244 (Fla. 1993). We affirm.
The economic loss rule announced in Casa Clara prohibits recovery in tort where a product damages itself, causing economic loss, but does not cause personal injury or damage to any property other than itself. Id. at 1246. In order to determine the character of the loss, one must look to the product purchased by the plaintiff and not the product sold by the defendant. Id. at 1247. In the instant case, the "product" purchased by the appellants was the home with all of its component parts, including the seawall, pool, and patio. Therefore, the pool, patio, and home were not "other property" which would exclude the application of the economic loss rule. See also Sensenbrenner v. Rust, Orling & Neale Architects, Inc., 236 Va. 419, 374 S.E.2d 55 (1988) (cited in Casa Clara, 620 So.2d at 1246, 1247 n. 8).
We find the appellants' main authority, Southland Constr., Inc. v. Richeson Corp., 642 So.2d 5 (Fla. 5th DCA 1994), to be factually inapposite.
Affirmed.
WARNER, POLEN and FARMER, JJ., concur.